EasternDis'ct
*Apr 1,*1827.

DICKS & AL.
*vs.*
BARTON,

———

### *GILMAN* vs. *HORSELEY.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action is brought on a judgment rendered in the circuit court of the U. States, for the district of Kentucky. The plaintiff

Note payable to *as administrator,* authorises a suit by the payee in his own name.

A final judgment in a sister state, authorises the plea of *res judicata* in this.

EasternDis't
*April,* 1827.

GILMAN
*vs.*
HORSELEY.

An affidavit
asserting a
belief that a
witness is
material, will
not authorise
a continu-
ance.

styled himself in the pleadings of that suit, *administrator* of the estate of Joseph Gilman, deceased. And the obligation on which the action was instituted, was made payable to the plaintiff, as administrator of Joseph Gilman.

1st. The defendant pleads that the petitioner is not the administrator of Joseph Gilman, as he pretends and alleges.

2d. That there is no such record as that set forth in the petition.

3d. That if there be, it is no evidence of a debt due by the defendant, because it shews that judgment was rendered before citation.

4th. That Joseph Gilman was indebted, in his lifetime, to the defendant, in the sum of $1200, which he is entitled to set off against the present demand.

I. This action is not brought by the plaintiff, as administrator, nor was it necessary for him to do so. The note was payable to himself: he became responsible to the estate he represented, by taking it in his own name, and consequently has a right to inforce it. The words *as administrator*, are merely those of description; and there cannot be a doubt, that if the defendant had any demand against

the petitioner, in his own right, he might plead it as a set off in this action. 5 *Mar.* 20 2, *ibid.* 463, 2, *n. s.* 27.

II. The record is duly certified under the act of congress, and there is not the least foundation for this plea.

III. The record does not shew that judgment was rendered before citation. The *capias ad respondendum*, bears date the 6th August, 1824, and was executed on the 6th September, of that year. The judgment is of the October term following.

IV. Whether the sum of $1200 was due by the estate of Joseph Gilman, to the defendant, could not be examined in this suit, as it had been already decided by the circuit court of Kentucky. The note on which the action was instituted contained a condition, that if the defendant should legally establish that he had paid Joseph Gilman, in his lifetime, 1200 dollars, credit was to be given for that sum. The declaration expressly stated that this condition had not been complied with, and that therefore, the defendant was responsible for the whole amount of the note sued on. Of this opinion was the court, and gave judgment accordingly. And the weight

and authority of this judgment, as forming *res judicata,* between the parties on this point, is not weakened by the defendant making no defence. If there was no investigation of his rights on this point, it was his own fault, and he must bear the consequences of his neglect.

The application for a continuance, on the affidavit of the defendant, and R. L. Booker, was properly overruled. The first stated the absence and materiality of witnesses, in relation to the set-off of 1200 dollars, which had already been decided between the parties, and could not be re-examined here. The second was too vague: it expressed merely the belief of the affiant.

We have hesitated, whether the judgment of the court below, should not, in pursuance of the prayer of the appellee, be affirmed with ten per. cent. damages: but as the defendant may have thought he was entitled to the continuance, we think it sufficient to order, adjudge and decree, that the judgment of the district court be affirmed, with costs.

*Whittlesey* for the plaintiff, *M'Caleb &* *Byrnes* for the defendant.